# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULYSSES MILLER,<br><br>    Petitioner,<br><br>v.<br><br>C. KOENIG, Warden,<br><br>    Respondent. | Case No. CV 18-3415 CJC (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |

The Court summarily dismisses this action pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

1. Petitioner is a state prisoner. He is serving a life sentence based on his 2012 conviction for attempted murder.

2. Petitioner previously sought habeas relief in this Court regarding that conviction. The Court denied his previous habeas petition in 2016 as untimely under federal law. Miller v. Arnold, No. CV 15-5574 MRW (C.D. Cal.). The United States Court of Appeals for the Ninth Circuit declined to

issue a certificate of appealability regarding the dismissal of the previous action. (Docket # 32.)

3. Petitioner's current action seeks further review of the same conviction. The petition was not accompanied by a certificate from the Ninth Circuit authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).

4. The Court (Magistrate Judge Wilner) issued an order noting the successive nature of this second habeas action. (Docket # 4.) The Court directed Petitioner to submit a statement addressing why the action should not be dismissed as a matter of federal law.

5. Petitioner subsequently filed a statement (and a copy of a student law review comment upon which his submission relied) arguing that he was entitled to present habeas claims notwithstanding the operation of Section 2244 and his failure to seek permission from the Ninth Circuit. He also appears to contend that the action of the local district attorney in changing the name under which Petitioner has been prosecuted somehow entitles Petitioner to pursue additional habeas relief. (Docket # 7.)

* * *

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

7. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action.

"Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

8. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in district court. <u>Id.</u>; <u>Burton v. Stewart</u>, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

9. "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." <u>Brown v. Muniz</u>, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action). A dismissal of a habeas action "for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA," thereby requiring appellate court permission for the new filing. <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009).

10. The current petition challenges the same attempted murder conviction that was the subject of Petitioner's previous habeas action. The Court denied relief regarding the conviction because Petitioner's action was untimely. (CV 15-5574.)

11. That makes the current action successive, too. <u>McNabb</u>, 576 F.3d at 1030. Petitioner presents no proof that he asked for or received permission from the Ninth Circuit Court of Appeals to pursue a successive action. On this basis, the current petition is subject to summary dismissal. 28 U.S.C. § 2244(b); <u>Brown</u>. Moreover, none of the issues raised in his supplemental submission or the student article is sufficient for the Court to allow this action

to move forward under the statute or in light of binding appellate court precedent.

\* \* \*

Because the Court does not have jurisdiction to consider Petitioner's claim, the action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: July 16, 2018

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE